IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | * <br> * <br> * |
| **Plaintiff,** | * <br> * |
| vs. | *     Civil Case No. 8:22-cv-748-AAQ <br> * |
| **SEVEN STAR HOTELS GROUP, LLC, et al.** | * <br> * <br> * |
| **Defendants.** | * |

******

## MEMORANDUM OPINION

This is an action to enforce an arbitration award arising out of a franchisee's failure to comply with the terms of a hotel chain's franchise agreement. Pending before the Court is Plaintiff Choice Hotels International, Inc.'s Motion for Default Judgment. ECF No. 10. For the reasons discussed below, the Motion shall be granted.

### BACKGROUND

According to Plaintiff's Complaint, Choice Hotels International is a Delaware-based corporation with its principal place of business in Maryland: the corporation franchises hotels in the United States and internationally. ECF No. 1, at 2. On or about September 8, 2015, Choice Hotels entered into an agreement with Defendant Seven Star Hotels Group, LLC, pursuant to which Choice Hotels authorized it to own and operate a Quality Inn in Little Rock, Arkansas. *Id*. at 2-3. Defendant Seven Star is a company incorporated under the laws of Louisiana with its principal place of business in Little Rock. *Id*. at 2. It is owned and operated by Defendants Khurram Chaudhry and Mohamad Ayache, both of whom are domiciled in Louisiana. *Id*. The Agreement's "arbitration clause" states

1

> Except for our claims against you for indemnification or actions seeking to enjoin you from using any of our intellectual property . . . or the Choice-Related Words in violation of this Agreement or any other related agreements . . . any controversy or claim arising out of or relating to this Agreement or any other related agreements, or the breach of this Agreement or any other related agreements, including any claim that this Agreement or any part of this Agreement or any related agreements is invalid, illegal, or otherwise voidable or void, as well as any claim that we have violated any laws in connection with the execution or enforcement of this Agreement or any related agreements and any claim for declaratory relief, will be sent to final and binding arbitration in the State of Maryland . . . Judgment on the arbitration award may be entered in any court having jurisdiction . . . Any arbitration will be conducted at our headquarters office in Maryland . . .

ECF No. 1-1.

On or about November 26, 2018, Choice Hotels sent Defendants a Notice of Default, alleging that they were in default of material obligations under the payment provisions of the Franchise Agreement. ECF No. 1, at 3. Defendants allegedly failed to cure the breach by the deadline prescribed and, as a result, Choice Hotels terminated the franchise agreement and demanded "immediate payment of contractually specified fees, interest, and liquidated damages." *Id*.

According to the Affidavit in Support of the Motion, on or about June 17, 2020, Choice Hotels filed a demand for arbitration against Defendants, seeking damages for breach of the Agreement. ECF No. 10-2, at 1. The arbitration was held in Maryland and applied the laws of Maryland. *See* ECF No. 1, at 4 ("The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement . . . and the substantive laws of Maryland."). On October 28, 2021, the arbitrator entered an award of $200,079.76 in favor of Choice Hotels: $95,615.57 in unpaid franchise fees, $63,000 in liquidated damages for lost profits due to premature termination of the agreement, $31,689.19 in interest accruing on accounts, $6,875.00 in arbitrator compensation, and $2,900.00 in administrative costs and fees. ECF No. 10-1, at 3.

On March 28, 2022, Choice Hotels filed suit in this Court seeking to enforce the arbitration award under the Federal Arbitration Act, 9 U.S.C. §§ 9, 13. ECF No. 1, at 1. As relief, Plaintiff sought the amount awarded in the arbitration and post-judgment interest, as well as $400.00 in litigation costs. *Id.* at 7. According to a process server, materials were initially returned as unexecuted because Defendants did not answer at the targeted addresses despite multiple attempts and evidence that the homes were occupied. ECF Nos. 6-1, at 2; 6-2, at 2; 6-3, at 2. This court granted Plaintiff's Motion for Alternative Service on August 3, 2022. ECF No. 7. Plaintiff then served process via U.S. First Class Mail, and the Summons was returned to the Court as executed upon Defendants on August 5, 2022. ECF No. 8.

On September 13, 2022, Choice Hotel moved for a Clerk's Entry of Default against Defendants, ECF No. 9, and filed the pending Motion for Default Judgment now before the Court. ECF No. 10. On November 2, 2022, the Clerk entered an Order of Default against Defendants. ECF No. 12. Despite the entry of the Order and the other proceedings in the case, Defendants have failed to make an appearance, answer the Complaint, or otherwise take any action in this case. Notice of the Clerk's Order was returned to this Court as undeliverable as to Defendants Chaudhry and Seven Star. ECF Nos. 16, 17. Based on this, I directed Plaintiff to supplement its filing and address whether service as provided by mail to Defendants Chaudhry and Seven Star had been effectuated. ECF No. 18. On February 8, 2023, Plaintiff filed a supplement confirming that documents mailed to the listed residence of Defendant Chaudhry and the business address of Defendant Seven Star had not been returned as undeliverable. ECF No. 19. Plaintiff also provided a 2023 Louisiana tax assessment report confirming that Defendant Chaudhry remained the owner of the property understood to be his residence. ECF No. 19-1.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc., v. Delane*, 446 F.Supp.2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F.Supp.2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F.Supp.2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than

one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded."  *See, e.g., Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2-*3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2-*3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 544 (D. Md. 2011).  Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied.  *See, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.")

## ANALYSIS

The Federal Arbitration Act "requires courts to enforce covered arbitration agreements according to their terms."  *Lamps Plus, Inc. v. Varela*, ⸺ U.S. ⸺, 139 S. Ct. 1407, 1412, 203 L.Ed.2d 636 (2019).  Where a plaintiff seeks default judgment of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law."  *Choice Hotels Intern., Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012).

I.     **Jurisdiction**

Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

It is apparent that the Court has jurisdiction pursuant to the statute.  The arbitration clause in the parties' franchise agreement provides that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." ECF No. 1, at 4.  On October 28, 2021, an arbitrator in Maryland issued an award in favor of Plaintiff; Defendants failed to participate in the proceeding in any way. *Id*. at 4-5.  On March 28, 2022, Plaintiff sought relief in this Court – within the one-year period allowed by the FAA. *Id*. On September 13, 2022, Plaintiff provided Proof of Service of the Summons and Proposed Orders for Default.  ECF No. 11.  Finally, the parties, based separately in Maryland and Louisiana, are diverse, and the amount Plaintiff requests is in excess of $75,000, as 28 U.S.C. § 1332 requires.

I.     **Substance of the Claim**

As the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. Federal courts may vacate an

6

> arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

"If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set forth in § 10 of the Federal Arbitration Act." *Jai Shree Navdurga*, 2012 WL 5995248, at *3. Section 10 of the FAA allows vacatur of an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Default judgment is appropriate in this case. Plaintiff has sufficiently established the existence of a valid contract between the parties which Defendants breached. There has been no showing of any of the bases on which the Court may vacate the award. Further, despite Plaintiff's service of the Summons and the Application on Defendants and the Clerk's Entry of Default, Defendants have failed to participate in any way. While the return of the Clerk's Entry of Default as undeliverable raises concerns as to whether Defendants Chaudhry and Seven Star received notice of such, Plaintiff has nevertheless confirmed service of process in conformity with this

Court's Order.  Accordingly, the entry of default judgment remains appropriate.  *See Orellana v. ACL Cleaning, LLC*, No. DKC 19-2318, 2022 WL 111167, at *2, 6 (D. Md. Jan. 12, 2022) (granting motion for default judgment despite the fact that some documents were returned undeliverable); *Alfaro v. Gali Service Industries, Inc*, No. TDC-18-2705, 2021 WL 4704690, at *1 (D. Md. Oct. 8, 2021) (recommending the grant of a motion for default judgment even though the "Notices of Default mailed to Gali Sr. and Gali Jr. were returned as undeliverable"); *Legacy Inv. And Management, LLC, v. Susquehanna Bank*, No. WDQ-12-2877, 2014 WL 836077, at *2 n. 11, *5 (D. Md. Feb. 28, 2014) (granting motion for default judgment despite the return of some documents as undeliverable).  *But see Lewis-Davis v. Baltimore County Public Schools Infants and Toddlers Program*, No. ELH-20-0423, 2021 WL 1720235, at *22 (D. Md. Apr. 30, 2021) (denying motion for default judgment because the summons was returned unexecuted and then returned to sender as undeliverable, meaning "plaintiff has not established that service has been effected on Giles, as required for an entry of default").

The only remaining question is the amount of damages.  The Arbitration decision awarded $200,079.76 in favor of Choice Hotels: $95,615.57 in unpaid franchise fees, $63,000 in liquidated damages, $31,689.19 in interest accruing on accounts, $6,875.00 in arbitrator compensation, and $2,900.00 in administrative costs and fees.  ECF No. 10-1, at 3.  Further, as alleged in the Complaint, Plaintiff has spent an additional $400 pursuing this action in this Court.  ECF No. 1, at 7.  Each of these demands shall be awarded.  Regarding Plaintiff's demand for post-judgment interest, "the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law."  *Jai Shree Navdurga*, 2012 WL 5995248, at *3; *see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Default Judgment is GRANTED.

A separate Order shall be entered.

So ordered.

Date:   February 10, 2023                                    /s/
                                                    Ajmel A. Quereshi
                                                    U.S. Magistrate Judge